| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604
Submitted November 7, 2017[*]
Decided November 14, 2017

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
| --- | --- |
| No. 17-2330 <br><br> IRA HOLTZMAN, individually and as representative of a class, <br>     *Plaintiff-Appellee,* <br><br>       *v.* <br><br> GREGORY P. TURZA, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 2014 <br> Robert W. Gettleman, <br> *Judge.* |

**Order**

This case, now almost a decade old, has produced two published opinions. The first held that the class prevails on the merits but remanded for further proceedings concerning the remedy. 728 F.3d 682 (7th Cir. 2013). The second

---

[*] This successive appeal has been submitted under Operating Procedure 6(b) to the panel that decided an earlier appeal. We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

held, among other things, that class counsel is entitled to a third of each class member's award as a contingent fee, but only if the class member collects the recovery ($500 per unauthorized fax), and that any remainder goes back to Turza. 828 F.3d 606 (7th Cir. 2016). The district court then approved a mailing to class members asking each whether he or she wants to claim the recovery (with nonresponse implying consent) and to update any details necessary to ensure that checks reach the correct addresses.

Turza has appealed, contending that the notice should have directed each class member to verify, under penalty of perjury, that he or she (1) used a particular fax number from 2006 through 2008; (2) received at that number a "Daily Plan-It" from Turza; (3) had not authorized Turza to send these faxes; and (4) agrees to the retention of class counsel and payment of the one-third contingent fee. Although the case has been fully briefed, the class has asked for summary affirmance. There's nothing "summary" about affirming after a case has been briefed, but we understand this motion as, in effect, a proposal to dispense with oral argument. We grant the motion as so understood; argument could not add significantly to the briefs or to what we already know from the previous appeals.

The first three of Turza's requests concerning the notice essentially dispute the decision this court reached in 2013. We held then that the record establishes to what telephone number the faxes had been sent and what the faxes contained. Whose fax numbers those were was established from electronic records and does not depend on personal recollection. We added that it does not matter whether any class member remembers receiving the "Daily Plan-It." We also held that any given recipient's (potential) consent is irrelevant because the faxes omitted the opt-out notice required by law.

The fourth of Turza's requests implicitly disagrees with our decision of 2016, which concluded that class counsel are entitled to receive a third of the award to any class member who claims the money. None of the class members can reject the services of class counsel and receive $500 per fax. The only decision a class member must make is to accept or reject $333 per fax. To the extent Turza is contending that the ethics rules of Illinois preclude such a result, that's just a form of disagreement with our 2016 decision—and it is inconsistent with *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991), which held that federal rather than state law supplies the procedures (including rules of legal ethics) used to administer class actions in federal court.

The final disposition of this case has been delayed far too long. The district court's decision is affirmed. The mandate will issue today.